UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNSON BROS. CORP.,
    Plaintiff,

v.                                     Case No. 6:21-cv-200-JA-EJK

VOLUSIA COUNTY, FLORIDA,
    Defendant.

## ORDER

Johnson Bros. Corp. brings this action against Volusia County, Florida, asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for the Court's subject-matter jurisdiction. (Compl., Doc. 1, ¶ 4). On *sua sponte* review of the Complaint, however, the Court finds that Johnson Bros. Corp. has failed to adequately allege diversity of citizenship.

Federal courts have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Johnson Bros. Corp. has sufficiently alleged the amount in controversy and the citizenship of Defendant—a political subdivision of the state of Florida. But Johnson Bros. Corp.'s allegations of its own citizenship are not sufficient to establish that the parties are of diverse citizenship.

Section 1332 provides that "[f]or the purposes of this section . . . a

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated **and** of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). In the Complaint, Johnson Bros. Corp. describes itself as "a Texas corporation authorized to do business in Florida." (Compl. ¶ 1). This assertion does not allow the Court to ascertain Johnson Bros. Corp.'s citizenship, and the allegations of the Complaint thus do not support diversity jurisdiction. However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Accordingly, it is **ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. **On or before Friday, February 12, 2021**, Johnson Bros. Corp. may file an amended complaint that properly establishes the grounds for this Court's exercise of subject-matter jurisdiction over this case. Absent timely compliance with the requirements of this Order, this action will be **closed** without further notice.

**DONE** and **ORDERED** in Orlando, Florida, on February 2, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

2