# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHNSON BROS. CORP.,
     **Plaintiff,**

v.
                                    **Case No. 6:21-cv-200-JA-EJK**

VOLUSIA COUNTY, FLORIDA,
     **Defendant.**

_____

## ORDER

In this dispute arising from a construction contract, Volusia County moves to dismiss three of the thirty-eight claims that Johnson Bros. Corp. asserts against it in the Third Amended Complaint (TAC) (Doc. 36). (Mot. Dism., Doc. 40). Having considered the motion and related filings,[1] the Court grants in part and denies in part the County's motion.

## I.    Background[2]

In February 2016, Johnson and the County entered into a contract (the Construction Agreement) for replacement of the Veterans Memorial Bridge over the Halifax River. (*See* TAC ¶ 5; Construction Agreement, Doc. 36-1[3]). Johnson began work on the project in June 2016, (TAC ¶ 6), and submitted monthly

---

[1] Johnson filed a Memorandum in Opposition (Doc. 48) to the County's motion, and with permission of the Court the County filed a Reply (Doc. 52) and Johnson filed a Sur-Reply (Doc. 62).

[2] The Background section is taken from the TAC, the allegations of which are accepted as true at this stage of the case.

[3] The Construction Agreement and many other exhibits are attached to the TAC.

applications to the County for progress payments, (*id.* ¶ 7).

The Construction Agreement includes provisions describing the procedure for Johnson to submit claims to the County for "Extra Work" and "Delay." (Doc. 36-1, Article 5-12 ("Claims by Contractor")). While working on the project, Johnson "encountered numerous issues encumbering and delaying its performance" and submitted "Notices of Intent to File Claim" (NOIs) to the County related to those issues. (*Id.* ¶ 8). Johnson also submitted written certified claims corresponding to those NOIs. (*See id.* ¶ 10).

In the 38-count[4] TAC, Johnson asserts, inter alia, numerous claims for breach of contract, many of which arise from the claims that it submitted for extra work and delay. Counts 34 and 36 correspond, respectively, to NOI 044 (for the "Pier 11&4 Cracking Claim") and NOI 045 (for the "Preformed Pile Delay Claim"). And in Count 36, Johnson brings a claim titled "Breach of Construction Agreement—Quantum Meruit." The County now moves to dismiss Counts 34, 36, & 38 under Federal Rule of Civil Procedure 12(b)(6) for

---

[4] As the parties recognize, there is an error in the numbering of counts of the TAC. The counts are numbered with Roman numerals, and although there are thirty-eight counts, the last count is numbered XXXVII rather than XXXVIII. This is because there are two counts labeled as "Count XI"; the counts proceed without error from I through XII, but then there is a second "Count XI" between "Count XII" and "Count XIII." So, the second "Count XI" is really the thirteenth count, and all counts from "Count XIII" through "Count XXXVII" are off by one—Count XIII is Count 14 rather than Count 13, and so on. The counts that are the subject of the motion to dismiss are labeled as Counts XXXIII, XXXV, and XXXVII, but in this Order the Court will refer to them as Counts 34, 36, and 38, respectively.

failure to state a claim on which relief can be granted.  The County also contends that the quantum meruit claim in Count 38 is barred by sovereign immunity.[5]

## II.   Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  "A copy of a written instruction that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), including for the purpose of resolving a 12(b)(6) motion to dismiss, *Solis-*

---

[5] To the extent the County's motion asserts sovereign immunity on the quantum meruit claim, the motion is properly characterized as a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction rather than a 12(b)(6) motion.

*Ramirez v. U.S. Dep't of Just.*, 758 F.2d 1426, 1430 (11th Cir. 1985).

## III.   Discussion

### A.   Counts 34 and 36

In Count 34,[6] Johnson alleges a breach of contract claim arising from "the 044 Pier 11&4 Cracking Claim." (TAC at 45–46). Johnson asserts that it submitted that claim "in accordance with the Construction Agreement," (*id.* ¶ 229), that the County breached the Construction Agreement by failing to pay the claim, (*id.* ¶¶ 230–31), and that Johnson has been damaged thereby in the amount of $632,399.00, (*id.* ¶ 232). Similarly, in Count 36,[7] Johnson alleges a breach of contract claim arising from "the 045 Preformed Pile Delay Claim." (TAC at 47–48). Johnson asserts that it submitted that claim "in accordance with the Construction Agreement," (*id.* ¶ 243), that the County breached the Construction Agreement by failing to pay the claim, (*id.* ¶¶ 244–45), and that Johnson has been damaged thereby in the amount of $482,230.00, (*id.* ¶ 246). And at the beginning of the TAC, Johnson alleges that "[a]ll conditions precedent to the filing of this action have occurred or have been waived." (TAC ¶ 18).

The County argues for the dismissal of Counts 34 and 36[8] on the basis

---

[6] Erroneously labeled "Count XXXIII" in the TAC. (TAC at 45).

[7] Erroneously labeled "Count XXXV" in the TAC. (TAC at 47).

[8] The same day that it filed its Motion to Dismiss, the County also filed an Answer (Doc. 39) addressing most of the counts of the TAC. It appears that the County answered Count 36, (*see* Doc. 39 at 30), but maintained that it had moved to dismiss

that Johnson did not comply with the notice requirements of the Construction Agreement. But none of the cases the County cites in support of this argument involved a motion to dismiss; instead, all involved factual findings made after a trial or hearing. *See Marriott Corp. v. Dasta Constr. Co.*, 26 F.3d 1057 (11th Cir. 1994) (jury trial); *Broward Cnty. v. Brooks Builders, Inc.*, 908 So. 2d 536 (Fla. 4th DCA 2005) (bench trial); *Tuttle/White Constructors, Inc. v. State Dep't of Gen. Servs.*, 371 So. 2d 1096 (Fla. 1st DCA 1979) (hearing officer findings); *Inland Dredging Co. v. Panama City Port Auth.*, 190 F. App'x 906 (11th Cir. 2006) (bench trial). Although the County urges that the exhibits attached to the TAC—which the Court may properly consider on a motion to dismiss—establish that Johnson did not timely submit required documentation to the County, the question whether Johnson complied with the contractual requirements for submitting claims or was excused from doing so by actions of the County or otherwise cannot be resolved at the motion-to-dismiss stage. *See, e.g., Cap. Sales & Mktg., Inc. v. NCL (Bahamas) Ltd.*, Case No. 1:19-cv-20736, 2020 WL 6263012, at *3 (S.D. Fla. Oct. 23, 2020) ("Defendant's arguments essentially require the Court to analyze and interpret the language of the Contract and come to conclusions as to what transpired between the parties and the reasons for the parties' respective actions. . . . Defendant's arguments are more properly

---

Counts 34, 35, and 38, (*see id.* at 28–31) rather than Counts, 34, 36, & 38.

presented at summary judgment, following discovery and a fully-developed record."). Thus, the County's motion to dismiss Counts 34 and 36 will be denied.

## B.    Count 38

The County argues that Count 38 of the TAC (titled "Breach of Construction Agreement—Quantum Meruit") fails to state a claim for which relief can be granted because an express contract exists between the parties. Additionally, the County contends that sovereign immunity bars this claim. This claim is confusingly asserted, but it is clear that to the extent it sounds in quantum meruit it is indeed barred by sovereign immunity.

The doctrine of sovereign immunity does not protect the state of Florida or its subdivisions from breach-of-contract claims. *Pan-Am Tobacco Corp. v. Dep't of Corrs.*, 471 So. 2d 4, 5–6 (Fla. 1984). But it does bar quantum meruit and similar claims against state entities that are based on an implied contract. *See, e.g., Champagne-Webber, Inc. v. City of Ft. Lauderdale*, 519 So. 2d 696, 697 (Fla. 4th DCA 1988) (citing authorities and agreeing with trial court that quantum meruit count was barred by sovereign immunity). Count 38 will be dismissed based on lack of subject-matter jurisdiction, but Johnson is granted leave to amend to restate this count as something other than quantum meruit.

## IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1.    The County's Motion to Dismiss (Doc. 40) is **GRANTED in part**

and **DENIED in part**.  The motion is granted as to Count 38.  Count 38 is **DISMISSED without prejudice** based on sovereign immunity, but Johnson is granted leave to replead it.  The motion is **DENIED** as to Counts 34 and 36.

2.    Johnson may file a fourth amended complaint **on or before July 25, 2022**.  If Johnson does so, it shall correct the error in the numbering of the counts that pervades the TAC.

**DONE** and **ORDERED** in Orlando, Florida, on July 12, 2022.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record