UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNSON BROS. CORP.,

    Plaintiff,

v.                                                                      Case No. 6:21-cv-200-JA-EJK

WSP USA, INC. and CDM
SMITH, INC.,

    Defendants.

## ORDER

Defendant WSP USA, Inc. moves to strike three affidavits and one errata sheet that Plaintiff's experts executed and that Plaintiff submitted in opposition to Defendants' summary-judgment motions. (*See* Doc. 169). WSP argues that the affidavits and errata sheet contradict the experts' prior deposition testimony and that the errata sheet was submitted late. (*See id.*). Plaintiff responds that the affidavits do not contradict the testimony to the extent of being shams, that a deponent may use an errata sheet to change the substance of his deposition testimony, and that although the errata sheet was a little late, that lateness does not justify striking it. (*See* Doc. 170). The Court agrees with Plaintiff.

"Motions to strike are generally disfavored and infrequently granted." *Austin S. I, Ltd. v. Barton-Malow Co.*, 799 F. Supp. 1135, 1145 (M.D. Fla. 1992), *report and recommendation adopted by* 799 F. Supp. 1135, 1137 (M.D. Fla.

1992). And although an affidavit submitted in opposition to a summary-judgment motion may be stricken as a sham when it, "without explanation, . . . flatly contradicts" the "prior deposition testimony" of the affiant "for the transparent purpose of creating a genuine issue of fact where none existed previously," this sham-affidavit rule "only operates *in a limited manner* to exclude unexplained discrepancies and inconsistencies, as opposed to those 'which create an issue of credibility or go to the weight of the evidence.'" *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016) (emphasis added) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986)). Here, the affidavits do not contradict the deposition testimony to such an extent.

As to the errata sheet, Federal Rule of Civil Procedure 30(e) contemplates that a deponent may make "changes in . . . substance" to his deposition testimony. Here, Plaintiff's expert misspoke during his deposition and used the errata sheet to fix the mistake, (*see* Doc. 170-12 at 2), as Rule 30(e) permits. And the Court "forgiv[es the errata sheet's] minor untimeliness." *See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 n.12 (3d Cir. 2010).

Accordingly, it is **ORDERED** that WSP's motion (Doc. 169) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 21st, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

2